Green, J.
delivered the opinion of the court.
The court below, in the charge to the jury, we think expounded the law correctly. He stated that the legal construction of the exception was, that the dangers of the. river must be such as that no human skill or foresight could have guarded against. This surely is stating this principle of law in strong language for the plaintiff. It was for the jury to determine whether the defendant had produced such evidence as to bring himself within the exception, as it was construed and explained by the court. Two witnesses proved that they saw no sign of the snag on which the boat struck; that it caused no ripple on the surface of the water, by which its existence would have been indicated, and that they knew nothing of it. One of these witnesses assisted in navigating the defendant’s boat, and the other was navigating another boat, in company with his. Now if these men were skill *52 ful, and experienced navigators of this river, the fact that . , r , °, . , . , , they did not see or know of this snag, proves that it had been placed there so recently, that human skill and foresight could not have guarded against it. They were boatmen; no question was asked by the plaintiff, bringing into doubt their knowledge of the river, or skill in navigating it. The jury might therefore fairly infer from their testimony, that the loss was “inevitable and unavoidable!’,! As to the question of negligence, the jury were the proper judges of this disputed fact. The defendant left the boat before all the cotton was taken from the wreck. But he was apprehensive that it would rain, and raise the river, and thereby destroy the cotton on the bank; he therefore went to Randolph, leaving the hands to finish unloading. It was for the jury to say whether under all circumstances he was guilty of gross negligence. Upon the whole, the testimony tending to exculpate the defendant, though not of the most conclusive character, was nevertheless such as fairly to have authorized the infeV-§nce the jury made from it,
Judgment affirmed,